### JEFFERSON CARSON, Appellant, v. CITY OF ST. JOSEPH, Respondent.

#### Kansas City Court of Appeals, January 6, 1902.

**Municipal Corporation:** GRADING STREET: CONTRACT: DAMAGES: RIGHT OF ACTION. A city passed an ordinance to raise the grade of a street without providing for damages to the abutting property-owners and let the contract therefor. The plaintiff, an abutting property-owner, enjoined the city and the contractor, and the parties compromised the action by an agreement, in which the contractor undertook to raise the grade of plaintiff's lot and house to correspond with the proposed grade of the street. Thereupon the street was graded, but the contractor failed to keep his agreement with plaintiff and became insolvent. *Held*, plaintiff can not maintain an action against the city, since by his agreement with the contractor he not only assented to, but contracted that the street should be graded, and his damages from such grading occurred after the agreement.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

Carson v. City of St. Joseph.

*Huston & Brewster* for appellant.

(1)  The only defense made to this clear right is estoppel—that plaintiff, by something he has done in some way by some representation, has caused the city to change its position to its detriment and that to permit a recovery would work a fraud upon the city.  (2) In order to raise an estoppel, all of the following elements must be present: (a) There must have been a representation or concealment of material facts. (b) The representation must have been made with knowledge of the actual facts.  (c) The party to whom the representation was made must have been ignorant of the actual facts.  (d) It must have been made with the intention that the other party should act upon it.  (e) The other party must have been induced thereby to act upon it; so that to permit the actual facts to appear would operate as a fraud upon the party so misled. Bigelow on Estoppel (2 Ed.), 437; Shields v. McClure, 75 Mo. App. 631; Reichla v. Grunsfelder, 52 Mo. App. 43; Hequembourg v. Edwards, 155 Mo. 514.  The representation must have reference to a past or present fact, not something in the future.  It must be plain and not a matter of inference or opinion.  It must be such as would naturally lead to the action taken.  Bigelow on Estoppel (2 Ed.), 437, and following.  In re Sharp, 56 N. Y. 257; Steckert v. East Saginaw, 22 Mich. 104; Nicodemus v. Same, 25 Mich. 456; Pearce v. Milwaukee, 18 Wis. 428; Canfield v. Smith, 34 Wis. 381; Dodd v. Railroad, 108 Mo. 587; Scarritt v. Railroad, 127 Mo. 298; McReynolds v. Railroad, 34 Mo. App. 582; s. c., affirmed, 110 Mo. 484; Thornton v. Railroad, 4 So. Rep. (Ala.) 197; Railroad v. Allen, 15 N. E. Rep. (Ind.) 446; D. M. Osborne v. Railroad, 35 Fed. Rep. 84; Hamlin v. Railroad, 61 Wis. 515; Snyder v. Railroad, 112 Mo. 527.  (3) The agreement between plaintiff and Hodges can not, upon legal principles, be held to be a release, either of Hodges or of the city to compensation.

*Kendall B. Randolph* for respondent.

(1)   By the terms of the contract entered into by this appellant with Hodges for the dismissal of the injunction suit, he agreed that the grading of Mitchell avenue should proceed under the contract between Hodges and the city, and such agreement constituted a waiver of all damages arising from a proper doing of the work.   The grading being done with the consent of the appellant, he could not thereafter complain of the grade or claim any damages from the city on account of the work.   He is in the same position he would have been had he signed the petition asking the city to make the improvement.   Vaile v. Independence, 116 Mo. 333; Pratt v. Railroad, 49 Mo. App. 63.   (2)   Another reason why the appellant can not maintain an action for damages against the city is that he has received satisfaction for his damages and has accepted a contract with Hodges, the contractor, in lieu of damages, and it is purely a matter between Hodges and the appellant as to whether or not Hodges carries out the terms of his contract.

BROADDUS, J.—This case was tried upon the pleadings and certain agreed facts.   The finding and judgment were for the defendant from which the plaintiff appealed.

It appears that the plaintiff was the owner of a certain lot situate in Hall's addition to the city of St. Joseph, Missouri, which abutted on Mitchell avenue; that the defendant, a city of the second class, passed an ordinance providing for the grading of said avenue in front of plaintiff's lot and employed one Hodges to do the grading; that the ordinance in question failed to provide any method to ascertain and pay damages which would ensue to the abutting property-owners, and failed to pay or tender plaintiff any damages on account thereof.   The contractor graded said avenue under his contract with the defendant and in so doing raised said street in

front of plaintiff's lot ten feet above the level thereof, whereby he alleged that he was damaged in the sum of six hundred dollars.

The answer admits the facts as stated in plaintiff's petition but sets up in defense the following facts, viz.: That after the passage of said ordinance and the letting of the contract to said Hodges for the grading of said avenue, the plaintiff, with other abutting property-owners on said avenue sued out a temporary injunction from the circuit court of Buchanan county restraining defendant and said Hodges from changing the grade of said street; and that during the progress of said injunction suit and after said temporary injunction had been obtained as aforesaid the same was compromised and dismissed at the cost of said Hodges, in consideration that the said Hodges, among other things, by writing then and there entered into with plaintiff, agreed to raise plaintiff's house on his said lot so that the foundation should be even with the new grade or level of said street, and that he would grade and fill up plaintiff's lot on which said house stood, so that the lot or surface thereof should be even with the surface of the said street; and that after the dismissal of said suit the contract for the grading of said work as aforesaid was completed by said Hodges.

The agreed statement of facts is as follows: "Now it is admitted that the contractor did not raise the lot or make the change in the lot and the improvements as required and fixed in the written agreement, which has been read in evidence and which is set out in the answer, and further that Hodges, the contractor, is insolvent. . . . . It is admitted also that the amount of damages sustained by this property, or rather by Mr. Carson, as the owner of the property, by the grading, is the item of $600 which he has alleged."

The court found for the defendant and plaintiff has appealed.

The defendant contends that by the terms of the contract

entered into by plaintiff with Hodges for the dismissal of the injunction suit he agreed that the grading of Mitchell avenue should proceed under the contract between Hodges and the city, and that such contract constituted a waiver of all damages arising from a proper doing of the work. To the support of this contention we are cited to the case of Vaile v. Independence, 116 Mo. 333. That was a case where certain property-owners joined in a petition to the city to have the grade of a street established and for its pavement. The plaintiff was one of the petitioners and made no objection during the progress of the work. The court held that as the plaintiff signed the petition he was estopped from claiming damages.

The plaintiff's counsel claim that the doctrine of estoppel does not apply in this case. That the plaintiff did not invite the grading of the street in front of his property is true, but when he entered into the contract agreeing that the grade should be changed in consideration that the contractor would raise the foundation of his house and his lot to the level of the surface of the new grade he did more than invite the change—he contracted that it might be done. It is true that the contractor did not comply with his contract with him and raise the foundation of his house and lot as specified, and that said contractor is insolvent and plaintiff can not enforce his contract by reason of the insolvency, but these reasons do not change the force and effect of the agreement itself which was for the work to be completed. The plaintiff was unfortunate in not requiring the contractor to give security for a faithful compliance with his contract. And there is another principle applicable to the case. The act of the contractor and the city of St. Joseph in failing to compensate plaintiff for his damages before entering upon the change in the grade of the street fronting his property was a trespass for which it is conceded either or both would be liable. But a satisfaction by one of the trespassers was a satisfaction for both. When

plaintiff agreed for a consideration that the grading might be done, it was no longer a trespass, and all the plaintiff's rights for damages were extinguished by the terms and stipulations of said contract. In fact, his damages had not accrued— they were only in prospect. The injury occurred after the agreement for the grading had been entered into. He waived them in advance. His damages arose out of the failure of the contractor to comply with his contract with him and not by reason of any unlawful and wrongful act of the city.

Affirmed. All concur.